
RECEIVED
OCT 10 2023
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

Victor L. Robinson
Tartoriouna Allen
    Plaintiff's

Case No. 1:23-cv-90-CJW-MAR
Hon. _____

V.

Matt Linn, Baily Anderson,
Hellen M. Allen, Brandy Tritle,
John Doe, sued in their individual
capacities,
    Defendants.

## COMPLAINT WITH JURY DEMAND

### Introduction

This is a civil rights action filed by Victor L. Robinson, a state prisoner, and Tartoriouna Allen, for damages and injunctive relief under **42 U.S.C. § 1983** alleging violation of the Fourteenth Amendment of the United States Constitution and Class of One Equal Protection of the Fourteenth Amendment to the Constitution. The plaintiff's also alleges the Torts of Violation of Ministerial Duty Negligence Claim, Violation of **Final Disposition Act, §144C.5, Final Disposition of Remains-Right to Control...§144C.5.H..I.**

### Jurisdiction

1. The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under **42 U.S.C. §§1331 (1) and 1343, N.D.&. S.D.Iowa Civ.R. 1(a) "LR__")N.D.&.S.D.Iowa Civ.R. 10(e).**

2. The Court has supplemental jurisdiction over the plaintiff's state law tort claims under **28 U.S.C. § 1367.**

### Parties

3. The plaintiff, Victor L. Robinson was at all times incarcerated at the Green Bay Correctional Facility ("Green Bay") during the events described in this complaint, all defendants were aware of this fact.

4. Defendant Matt Linn is the owner of Brosh Chapel Funeral Home, Baily Anderson is the Secretary, Hellen M. Allen is the mother of the deceased, Victor L. Robinson is the father of the deceased

Tartoriouna Allen is the adult daughter of the deceased, Brandy Tritle is the girl friend of the deceased.

5. Defendant John Doe whose name is presently unknown to plaintiff's is sued in their individual capacities.

6. Defendant Matt Linn is the owner of Brosh Chapel Funeral Home and is the supervisor of all employees under his supervision is sued in his individual capacity.

7. Defendant Baily Anderson is the secretary of Brosh Chapel Funeral Home, she is sued in her individual capacity.

8. Defendant hellen M. Allen is the mother of the deceased and she is sued in her individual capacity.

9. Defendant Brandy Tritle was the girl friend of the deceased and she is being sued in her individual capacity.

10. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

## Facts

11. On May 5th 2023 the plaintiff son was killed riding his motor cycle in Cedar Rapids Iowa. The Plaintiff's son name was Mr. Tartorious D. Allen.

12. The defendants Hellen M. Allen and Brady Tritle took the plaintiff's son body to Brosh Chapel Funeral Home located at 2121 Bowling street SW Cedar Rapids Iowa 52404, 319-362-8837.

13. It should be noted, both plaintiff's whose whereabouts were reasonably ascertainable.

(2)

14. The defendants Matt Linn and Baily Anderson received instructions and information concerning the deceased height and weight...The deceased was 6-4 weight was 300 pounds and he was not to be cremated, these instruction came from his adult children which he had three adult children and four minor children.

15. The plaintiff son had full coverage insurance Met-Life and State Farm insurance.

16. The plaintiff Tartoriouna Allen (Tartoriouna) picked out a casket and making arrangements for her father, Tartoriouna had to return back to Racine Wisconsin where she live, work, and go to school.

17. Tartoriouna and her adult sister Diamond Sheperd told the defendants Matt Linn and Baily Anderson, Hellen M. Allen Brandy Tritle that they did not want their father cremated...Plaintiff Victor L. Robinson (Robinson) told the defendants he did not want his son cremated.

18. That was the reason Tartoriouna picked out a casket for her father...The conversation between Tartoriouna, and defendants Matt Linn, Baily Anderson was okay, because we do not have normal caskets used temporarily in preparation for cremation even if the family wanted him cremated.

19. Defendants Hellen M. Allen (Hellen) Brandy Tritle (Tritle) wanted the plaintiff's son cremated, so the defendants took charge of the arrangements...Hellen signed the authorization next of kin form...Tritle picked out a cheaper casket, too short to accomodate his height, too small to accomodate his size...The plaintiff's son appeared to be about to fall out the casket.

20. VIOLATION OF MINISTERIAL DUTY NEGLIGENCE CLAIM

(3)

21. Iowa Code §645-9.1 (272C) Board of Directors Examiners, Professional Licensure Division, investigates, inspect complaints according to §645-9.4 (272C).

22. Complaint filed, all decisions made disciplinary or any other decision pursuant to §10.14 (2) 272C.3 and 272C.4 10.14 (3) Investigative Report. Iowa Code sections 272C. 3, 272C4 and 272C. 5. This information is stored on paper and eletronically.

23. §645-4.2 (17A) The purpose of each professional board is to administer and enforce the provision of the **Iowa Code Chapter 17A, 21, 147, 272C** and the practice-specific provision in the **Iowa Code Chapters 148A, 148B, 148C, 149, 151, 152A, 152B, 152C, 152D, 154, 154B, 154C, 154D, 154E, 155, 156, 157** and **158** applicable to each board.

24. Responsibilities of each professional licensing board include, but are not limited to: 4.2(3) e. Investigate alleged violations of **statutes** or **rules** that relate to the practice of licensees upon receipt of a complaint or upon the board's own initiation. §§645-103.2 (17A, 147, 156, 272C) Disciplinary authority. §645-103.3 (17A, 147, 156, 272C) Grounds for discipline against funeral directors. The board may initiate disciplinary action against a licensed funeral director based on **Iowa Code section 156.9** and any of the following.

- C. Failure to exercise the degree of care which is ordinarill exercised bt the average practitioner acting in the same or similar circumstances.

- D. Failure to conform to the minimal standards of acceptable and prevailing practice of a funeral director in the state of Iowa.

103. (3) Deceptive practices are grounds for disciplinary,

(4)

action whether or not actual injury is established and include:

C. Acceptance of any fee by fraud or misrepresentation.

F. Knowingly misrepresenting any material matter to a prospective purchaser of funeral merchandise, furnishing or service.

103.3 (4) Engaging in unethical conduct or practices, harmful or detrimental to the public may be disciplined whether or not injury is established. Unethical, harmful or detrimental behavior to the public may include, but are not limited to the following actions:

B. Any **violation** of **Iowa Code Chapter 144**.

D. Betrayal of a professional confidence.

E. Engaging in a professional conflict of interest.

103.3 (6) Lack of proper qualifications include:

D. Any act, conduct, or condition, including lack of education or careless, intentional acts or omissions that demonstrates a lack of qualifications which are necessary to ensure a high standard of professional care as provided in **Iowa Code section 272C.3 (2) "b."**

103.3 (7) **Negligence** by the licensee in the practice of the profession, negligency by the licensee in the practice of the profession include:

B. **Violation** of a **regulation** or <u>**law of the state of Iowa, another state,**</u> or the **United States,** which relates to the practice of **"mortuary science,"** including, but not limited to, Iowa Code chapter **272C, 144, 147, 156, 523A, 5231, 566, and 566A;** board rules, of professional conduct set forth in **645-chapter 100;** and regulations promulgated by the **Federal Trade Commission** relating to **"Funeral Services or Merchandise, of Funeral or Cremation Establishments,** as applicable to the profession.

(5)

Any violation involving **"deception, dishonest or moral turpitude "shall"** be deemed related to the practice of **mortuary science. Licensees may be disciplined whether or not injury is established.**

25. According to the **Iowa Code 144C** if both parents of the deceased is alive both parents must sign documentation authorization next of kind form to cremate their child "only if the **next of kin adult children sign documentation giving up their right to the parents."**

26. Iowa Code 144C and the **cremation law, the majority** of the **adult children must sign documentation to cremate their father,** the plaintiff's son had three adult children who never gave up their right of next of kin to the parents...Plaintiff was never notified by the defendants Hellen or Tritle, Matt Linn, Baily Anderson even though all four knew where to locate the plaintiff.

27. **In Summary,** there are two different forms, the Next of Kin Authorization Form will be created by the Funeral Home Director and must be signed by the legal next of Kin after death occurs. A cremation permit will be issued to the next of kin, the deceased must be embalmed within 48 hours of death, the next of kin will receive a embalming permit.

28. The defendant Tritle violated the **"Final Disposition Act, §144C.5.H.I.**

29. 144C.5.H. A person in the next of kinship to the decedent in the order named by law to inherit the estate of the decedent under the rules of inheritance for intestate succession or, if there is more than one, a majority of such surviving persons whose whereabouts are reasonably ascertainable.

(6)

30. Defendants Allen and Tritle made such a claim and signed unauthorization form next of kin form, insurance policy's, job checks...144C.5.I. A person who represents that the person knows the identity of the decedent and who signs an affidavit warranting the identity of the decedent and assuming the right to control final disposition of the decedent's remains and the responsibility to pay any expense attendant to such final disposition. A person who warrants the identity of the decedent pursuant to this paragraph is liable for all damages that result, "directly or indirectly, from that warrant.

31. 144C.5.J.2. The above defendants did not receive directives from the deceased adult children, see. **subsection 1, paragraph "C," "E," "F," "g," or "H,"** nor did the above defendants sign an affidavit stating that all other members of the class, whose whereabouts are reasonably ascertainable, have been notified of the decedent's death and the person's has received the assent of a majority of those members to control final disposition of the decedent's remains and make arrangements for the performance of a ceremony for the decedent. 2008 Acts, ch 1051, §10, 22, **Section applies to all deaths occuring on or after July 1, 2008.**

## VIOLATION OF CONSTITUTIONAL RIGHT

32. Fourteenth Amendment Class One Equal Protection Claim. Cedar Rapids Iowa is a predominately large white-community with a very small black-community. The plaintiff is pretty confident that during discovery, information from that discovery will show that the defebdants Matt Linn and Baily Anderson has never treated the white-community the way he has treated the plaintiff's family.

33. The above defendants cremated the plaintiff's son without authorization from the deceased adult children...The above defendants further gave all the deceased ashes "not to the next of kin" pursuant to **144C.5 Final Disposition Act, Iowa Code.** The defend-

(7)

ants gave the deceased ashes to another family member, the plaintiff's adult grand children and minor grand children by the deceased have no ashes, no remains, no inheritance from their father, the plaintiff's son.

34. The plaintiff's son was more then a son, he was a brother, a best friend, father and son was very very close, and the deceased was very very close to his children...He did not deserve to be treated like that, the deceased did not want to be cremated, he wanted to be buried in Chicago with the plaintiff and his deceased brother Tony...The plaintiff when he pass away will be buried in Chicago with his son Tony.

35. No family should be teated the way the defendants treated the plaintiff's family, it is to much to bare, we have nothing, nothing, no where to pay honors to the deceased.

36. The family was so upset looking at the plaintiff's son in a casket that was to small, pictures will show the court what the family saw, statements will support the above allegations against the defendants.

37. Class of One Equal Protection Claims are evaluated under the rational basis test. See. **Bornzych v. Frank 240, F.Supp.2d 955, 970 (W.D. Wis. 2004)** The plaintiff in such case will be required to show, not only that he was badly treated, but also that persons similarly situated were not treated that way. **See. Alicea v. Howell, 387 F.Supp.2d 227, 236 (W.D.N.Y. 2005).**

## Claims For Relief

38..The actions of defendants Matt Linn Baily Anderson against the plaintiff's family was intentional, deliberate, and outrageously "Negligent."

39. The failure to exercise the degree of care which is ordinarily exercised by the average practioner acting in the same or similar circumstances.

(8)

40. Failure to conform to the minimal standard of acceptable and prevailing practice of a funeral director in the state of Iowa.

41. Deceptive practices to a prospective purchaser of funeral merchandise.

42. Unethical, harmful, detrimental conduct..Negligence, violation of regulation, law of the state of Iowa, **Iowa Code 144C.$ 144C.5. regulations promulgated** by the **Federal Trade Commission** relating to **"Funeral Services** and **Merchandise, Funeral Cremation Establishments.**

43. Defendants Allen, Tritle and John Doe. Allen's failure to seek permission from the next of kin and the plaintiff to cremate the deceased.

44. Defendant Allen signed unauthorized documents next of kin form to cremate the deceased against the deceased adult children wishes...And refuses to give the plaintiff's family, the adult children and minor children of the deceased any remains, ashes or anything.

45. **In Summary:** The Funeral Director creates the cremation permit and the next of kin sign the authorization form, not the parents...The next of kin receives the remains or ashes.

46. Defendant Tritle refuse to give the plaintiff Tartoriouna and the rest of her brothers and sisters their fathers inheritance choosing instead to keep "trucks, boats, cars, campers, motor cycles, mop-heads, bank accounts, insurances policy's, fishing gear, phones, clothing, shoes, jewlery extra belongings that does not belong to her.

47. Defendant Tritle is not married to the deceased, and the defendant Tritle haven't worked in over four years, she has no

(9)

funds to purchase any of the above property. She is in **violation** of **Iowa Code §144C.5 Final Disposition Act. 144C.5.H.I.J.**

48. Pursuant to **Iowa Code 144C.J.** defendant Tritle did not receive the directive of any of the deceased adult children, parents, grand parents, siblings **violating Iowa Code 144C.5.J.**

### Relief Requested

**WHEREFORE,** PLAINTIFF"S REQUEST THE COURT GRANT THE FOLLOWING RELIEF:

A. Issue a declaratory judgment stating that:
   1. The defendants Matt Linn and Baily Anderson violated the plaintiff's right under the Fourteenth Amendment to the United States Constitution under state law.
   2. The defendant Matt Linn failure to supervise, to exercise the degree of care which is ordinarily exercised by the average practitioner acting in the same or similar circumstances...
   3. Defendant Matt Linn violated his Ministerial Duty by "falsifying documentation, the next of kin form, providing authorization to cremate the deceased against the family wishes.
   4. Defendant Matt Linn and Baily Anderson even after being told by the family, Tartoriouna did not want her father cremated...falsifying the next of kin form allowing the defendant Allen to sign the next of kin authorization form giving the defendant Matt Linn permission to cremate the deceased.
B. 1. **Issue an Injunction** ordering defendant Allen to return the "ashes of the deceased," to his adult children since the defendant did not have authorization from the adult children to cremate the deceased and collect all the ashes for the defendants self.

- C. 2. Issue an Injunction ordering the defendant Allen to return "all of the deceased ashes to the plaintiff Tartoriouna, the deceased adult daughter in this complaint immediately or be held in contempt of court.
- C. 1. **Issue an Injunction ordering** defendant Tritle immediately give all the plaintiff's fathes property, money the defendant received since the passing of the deceased.
  2. Issue an Injunction ordering defendant Tritle immediately turn over all the deceased, clothing, shoes, jewlery, phones, fishing gear, boat, camper, three trucks, four cars, two mop-heads, motor cycle, bank account, insurance policy's and any other property not known about to the plaintiff Tartoriouna so that she may divide all items between her siblings.
- D. 1. Award Compensatory damage to both plaintiff's in the following amounts:
  2. $200.000 against defendant Matt Linn, $100.000 against defendant Baily Anderson, emotional injuries sustained "Compensable Damages." "Rembursement for allfuneral cost and cremation cost.
  3. $125.000 against defendant Allen, $200.000 aginst defendant Tritle.
- E. 4. Award Punitive damages in the following amount:
  1. $100.000 against Matt Linn;
  2. $50.000 against Baily Anderson;
  3. $50.000 against Hellen M. Allen;
  4. $100.000 against Brandy tritle.
- F. Grant such other relief as it may appear that plaintiff's is entitled.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed (signed) on

_Victor Robinson 9/30/23_ (date).

_Victor Robinson_

(11)

Mr. Victor L. Robinson #213846  
Green Bay Correctional Institution  
Post office Box 19033  
Green Bay Wisconsin 54307  

Brady tritle  
188 Jacolyn Drive NW  
Cedar Rapids iowa 52405  

Hellen M. Allen  
215 West Post RD SW  
Cedar Rapids Iowa  
      52404  

Ms. Tartoriouna Allen  
2019 Mt. pleasant Street  
Racine Wisconsin 53404  

Matt linn Baily Anderson  
Brosh Chapel Funeral  
2121 Bowling Street SW  
Cedar Rapids Iowa 52404  

(12)